UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 08-94-JBC

RONALD CHADWELL,                                                                            PLAINTIFF,

V.                     MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                                         DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") (R. 10, 11). The court will grant the plaintiff's motion to the extent that substantial evidence does not fully support the Commissioner's decision and will deny the Commissioner's motion for the same reason. The administrative decision will be reversed and remanded for further consideration in accordance to this memorandum opinion and order.

I.     Overview of the Process

Judicial review of the decision of an ALJ to deny benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y of Health & Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "Substantial evidence" is "more than a scintilla of

evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F. 3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

**II.   The ALJ's Determination**

At the time of the issuance of the ALJ's decision, the plaintiff was a fifty-

year-old male who had completed the eleventh grade. AR 15. He alleges disability beginning on January 31, 2004, due to a variety of physical impairments, including pain in his lower back and right knee. AR 11, 14. The plaintiff filed his claim for DIB on November 23, 2005, and his claim for SSI on November, 29, 2005, and both claims were denied initially and on reconsideration. AR 11. After a hearing held on June 19, 2007, ALJ James D. Kemper, Jr. determined that the plaintiff did not suffer from a disability as defined by the Social Security Act. AR 16.

At Step 1, the ALJ found that the plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. AR 13. At Step 2, the ALJ found that the plaintiff had severe impairments of degenerative disc disease of the lumbar spine. AR 13. The ALJ then determined that the plaintiff's impairment did not meet or equal a listing in the Listing of Impairments at Step 3. AR 13-14.

In assessing the plaintiff's claims at Steps 4 and 5, the ALJ found that the plaintiff had a residual functional capacity ("RFC") to perform light work but noted that he (1) can only occasionally push and pull with the left leg, climb ramps and stairs, kneel, stoop, crouch, and crawl; (2) can never climb ladders, ropes, or scaffolds; and (3) should avoid exposure to vibration. AR 14. At Step 4, the ALJ found that the plaintiff was unable to perform any past relevant work as a retail store clerk and factory worker in a steel mill. AR 15. Finally, at Step 5, the ALJ, while taking into consideration the plaintiff's age, education, work experience, and RFC, determined that jobs exist in a significant number in the national economy

3

that the plaintiff can perform. AR 15-16. The ALJ then denied the plaintiff's claims for DIB and SSI, and he appealed to the Appeals Council. AR 16, 7. Following the denial of his appeal on March 28, 2008, the plaintiff commenced this action. AR 2, R. 2.

### III. Legal Analysis

The court will grant the plaintiff's motion because the ALJ failed to develop the record in regard to the plaintiff's educational abilities. Thus, this matter must be remanded for further consideration by the ALJ. At the hearing, the plaintiff represented himself. AR 142-43. The ALJ's "basic obligation to develop a full and fair record rises to a special duty when an unrepresented claimant unfamiliar with hearing procedures appears before him." *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1051 (6th Cir. 1983) (quoting *McConnell v. Schweiker*, 655 F.2d 604, 606) (5th Cir. 1981)). In order to satisfy that duty, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Id.* at 1052 (quoting *Gold v. Sec'y of Health, Education and Welfare*, 463 F.2d 38, 43 (2d Cir. 1972)).

Here, the ALJ asked the plaintiff what grade level he completed in school. Although the transcript lists the plaintiff's response as "[n]o audible answer," AR 145, the plaintiff apparently said that he had completed the eleventh grade. The ALJ then asked the plaintiff whether he can read and write, and the plaintiff answered "[s]o-so." *Id.* Instead of attempting to clarify the plaintiff's response and

determine what the plaintiff meant, the ALJ said "[o]kay" and proceeded with a new line of questioning. *Id.*

Later in the hearing, the ALJ included the plaintiff's grade level in a hypothetical question to the VE, AR 158, but he failed to mention the plaintiff's testimony concerning the ability to read and write. "On appeal, this court must determine whether the hypothetical factors selected by the ALJ are supported by substantial evidence, and that they fairly depict the plaintiff's condition." *Doyle v. Astrue*, No. 08-32-GWU, 2009 WL 223852, at *4 (E.D. Ky. Jan. 29, 2009). According to Social Security regulations, "the numerical grade level that [the plaintiff] completed in school may not represent [his] actual educational abilities." 20 C.F.R. § 404.1564(b). The ALJ may use the plaintiff's numerical grade level to determine his educational abilities only if "there is no other evidence to contradict it." *Id.* The plaintiff's testimony that he can read and write "so-so" raises doubt as to whether the numerical grade level that he completed accurately portrays his actual educational abilities.

The plaintiff's education level may have affected the VE's testimony concerning the type and number of jobs available to him. Even though the ALJ ultimately found that the plaintiff has a "limited 11th grade education," AR 15, he did not include the phrase "limited" in his hypothetical question to the VE, AR 158-59. Because the plaintiff was unrepresented at the hearing and the ALJ failed to "scrupulously and conscientiously" explore the "relevant issue" of the plaintiff's

5

education, substantial evidence does not support the ALJ's use of "11th grade education" as a factor in his hypothetical question. The court, therefore, must remand this matter for further consideration.

     The remand of this matter is not based on a finding that the ALJ violated the plaintiff's due-process rights by failing to inform him of the right to cross-examine the VE during the hearing. Although *dicta* in *Coffin v. Sullivan*, 895 F.2d 1206, 1212 (8th Cir. 1990) recognizes that "the ALJ has a special responsibility to inform the [unrepresented] claimant that he has the right of cross-examination," this view is not uniformly accepted by all circuits. The First Circuit has held that "the [ALJ] does not have an absolute duty to advise an unrepresented claimant of his right to cross-examine." *Figueroa v. Sec'y of Health, Education, and Welfare*, 585 F.2d 551, 554 (1st Cir. 1978). While *Figueroa* encourages ALJs to ask unrepresented claimants whether they have any questions for the witnesses, the First Circuit "would seldom regard this omission as by itself reason for remand." *Id.* The court declines to adopt *Coffin*'s view that the ALJ must advise plaintiffs of their right to cross-examine witnesses during Social Security hearings and will apply the reasoning of *Figueroa* instead. *Figueroa* is more persuasive because it requires the plaintiff to show something more than the ALJ's failure to inform the plaintiff of his right to cross-examine in order to secure a remand. Such an analysis will prevent remands based on technicalities and will preserve the court's deference to the administrative proceedings.

**IV.     Conclusion**

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for summary judgment (R. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment (R. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that the administrative decision is **REVERSED** and this matter is **REMANDED** for further consideration pursuant to Sentence Four of 42 U.S.C. § 405(g).

A separate judgment shall issue in accordance with this memorandum opinion and order.

Signed on  August 10, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY